UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KENNETH SMITH ARDELL,<br><br>       Plaintiff,<br>   v.<br><br>C.D.C. PELICAN BAY STATE PRISON OFFICER IN-CHARGE CRESENT CITY PRISON STATE OF CALIFORNIA DEPARTMENT OF CORRECTION FACILITY,<br><br>       Defendant(s).<br>_____/ | No. C 13-01048 LB<br><br>**ORDER RE MOTION FOR DEFAULT JUDGMENT**<br><br>[RE: ECF No. 9] |

   *Pro se* plaintiff Kenneth Smith Ardell filed a complaint against "C.D.C. Pelican Bay State prison officer in-charge Cresent City Prison State of California Department of correction facility"[1] ("Defendants") on March 7, 2013. Complaint, ECF No. 1.[2] He then moved for leave to proceed *in forma pauperis.* IFP Application, ECF No. 3. The court granted Mr. Ardell's application to proceed

---

   [1] It is unclear from the complaint whether there is just one or multiple defendants. *See* Complaint, ECF No. 1.

   [2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

ORDER
C 13-01048 LB

*in forma pauperis* on March 20, 2013. Order Granting IFP, ECF No. 5. On March 25, 2013, Mr. Ardell filed a document captioned "Complaint dismmiss." *See* ECF No. 7. Mr. Ardell stated:

> A.D.R., case management information here i release, i wish to dismiss the civil charges against pelican bay State prison de fendants employee's correctional officers i have no further intrest in this case of such arguments as approiately presented no further proceedings as Concerns the end of all dealing if you have any question please contact at above celuar phone number, don't waste your time no intrest in civil case canceled.

*Id.* (errors in original). The document was signed "ex plaintiff. Sincerely Kenneth Ardell." *Id.* The court construed this document as a notice of voluntary dismissal and terminated the case on March 27, 2013. *See* Docket.

On April 12, 2013, Mr. Ardell filed a document asking for default judgment based on the Defendants' failure to file a responsive pleading. *See* ECF No. 9. Mr. Ardell claims: "the summons and complaint was served on the defendant on date of service process on the defendant by personal U.S. Marshall Service under the court on defendant stateing specifically how service was accomplished and proof of service of process on defendant was filed with the court." ECF No. 9 at 2 (errors in original). Mr. Ardell claims service was effected "[a]bout the date 3-19-13." *Id.* at 1. He asks the court to enter default judgment for "the liquidated amount of $26,000,000 of damages sought, plus interest at percentages as shown by the attached Statement of damages . . . ." *Id.* at 2. No statement of damages was attached. *See id.*

A plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A). Unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without prejudice." *See* Fed. R. Civ. P. 41(a)(1)(B); *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993). In the instant case, Mr. Ardell filed a notice that clearly expressed his intention to dismiss his complaint. *See* ECF No. 7. The notice was filed before the Defendants served an answer. *See generally* Docket. Thus, under the Federal Rules of Civil Procedure, Mr. Ardell voluntarily dismissed his action without prejudice, rendering his case terminated. Because the court no longer has jurisdiction over this matter, the motion for default judgment is **DENIED**.

Even if Mr. Ardell had not dismissed the case, the court would deny his motion for default

judgment because he has not followed the proper procedures. Under Federal Rule of Civil Procedure 55, a plaintiff must first file a request for entry of default with the Clerk of the Court together with proof that the complaint has been served to the defendant. Fed. R. Civ. P. 55(b). Once the Clerk of the Court has entered default judgment against the defendant, the plaintiff must then file a motion for default judgment along with the proper supporting documents. *See id.* Because Mr. Ardell has not filed a motion for default with the Clerk of Court, and because default has not been entered, the court cannot grant his motion for default judgment.

And even if Mr. Ardell had followed proper procedures, the court would still deny his motion. Default judgment may be refused where the court determines no justifiable claim has been alleged; or that a default judgment is inappropriate for other reasons. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). The motion for default judgment states that the "complaint was served on the defendant by personal U.S. Marshall Service," but the docket does not reflect proof of service. *See* Docket. While Mr. Ardell represents that the U.S. Marshall served the Defendants "about 3-19-13," the court notes that it did not even authorize such service until March 20, 2013. If this case is reopened, Mr. Ardell should remedy these deficiencies before filing another motion for default judgment.

In order to help Mr. Ardell comply with court procedures, attached is a copy of the district court's *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.

Mr. Ardell may also seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-9000, extension 8657, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help, but not representation. A copy of the Legal Help Center's flyer is attached.

For the reasons stated above, the Court **DENIES** Mr. Ardell's motion for default judgment. If Mr. Ardell did not intend to dismiss his case, he shall file a document explaining that and clarifying

the meaning of his March 25, 2013 filing.  Mr. Ardell shall file any such explanation with the court no more than 14 days after the date of this order.  The court will not consider any late filings.

**IT IS SO ORDERED.**

Dated: April 22, 2013

_____
LAUREL BEELER
United States Magistrate Judge